CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JUL 16 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| OTHA M. ADAMS, JR., ) | |
| ) | Civil Action No. 5:08-CV-00105 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| DAVID BUSSELL, SR. et al. ) | United States District Judge |
| ) | |
| Defendants. ) | |

This case is presently before the court on four motions in limine filed by the plaintiff, the defendants' motion to dismiss the amended complaint, the plaintiff's motion for partial summary judgment, and the defendants' motion for summary judgment. The parties appeared before the court for a hearing on these motions on July 14, 2009. The court ruled on several of the motions in limine in open court, and announced that it would file a memorandum opinion with regard to the outstanding dispositive motions. The court will enter a separate order reflecting its rulings on the motions in limine.

## BACKGROUND

This personal injury action arises from an incident which occurred on April 19, 2007 at the unloading dock for a plant operated by NIBCO, Inc. ("NIBCO") in Augusta County, Virginia. At the time of the incident, plaintiff Otha M. Adams, Jr. ("Adams") was working at the NIBCO plant. Defendant David Bussell, Sr. ("Bussell"), an employee or agent of David Bussell, Jr. d/b/a Bussell Transport ("Bussell Transport"), was operating a flatbed trailer. In order to unload his trailer at the NIBCO plant on the day in question, Bussell backed his trailer up to the dock to be secured. During the process of negotiating the trailer to the dock, Adams fell and sustained

serious injuries. The facts are widely disputed by the parties, as the only eyewitnesses to the events were Bussell and Adams.

According to the plaintiff, Bussell arrived at the NIBCO plant and Adams motioned to him to back his truck up to the dock. After Bussell's truck backed up to the dock, and after Adams heard the air brakes of the truck engage, Adams began to position the dock plate from the edge of the dock onto the rear of the trailer. While attempting to secure the trailer, Adams alleges that the truck suddenly and without warning pulled away from the dock, causing the unsupported dock plate to shift and Adams to fall and sustain serious injuries to his left leg. Adams states that at no point did Bussell descend from his truck and at no point did Bussell speak with him on the day of the accident. (Adams Dep. at 63.)

According to the defendants, Bussell shut down his engine and activated his braking system upon touching the dock. He got out of his truck and walked back to the dock, whereupon he realized that his trailer was not flush with the dock. Adams motioned to Bussell to square up the truck, and Bussell "hollered and said [he] would go and straighten it up." (Bussell Dep. at 15, 18.) Bussell then walked back to his truck, restarted the engine, released the brakes, and pulled away from the dock. It was as he was pulling his truck away from the dock in order to reposition it that Adams claims to have fallen from the dock area. After the accident, Adams told Bussell, "I was trying to tell you that you was okay." (Bussell Dep. at 23.)

Adams filed the instant action against Bussell and Bussell Transport in Circuit Court for Augusta County, claiming that Bussell was negligent in operating his tractor trailer and that this negligence was a direct and proximate cause of the accident and his resulting injuries. The case was subsequently removed to federal court. On May 21, 2009, Adams filed a motion for partial

summary judgment asking the court to dismiss various defenses asserted by the defendants, including contributory negligence and assumption of the risk. On June 18, 2009, the defendants filed a motion for summary judgment asking the court to find, as a matter of law, that plaintiff failed to prove negligence, that he was contributorily negligent, and that he assumed the risk. The defendants also filed a motion to dismiss the amended complaint on July 1, 2009 on the ground that plaintiff failed to adequately plead negligence.

## DISCUSSION

A.  **Motion to Dismiss the Amended Complaint**

The defendants move to dismiss the plaintiff's amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Defendants argue that the complaint fails to state facts which would give rise to a duty toward plaintiff or a breach of that duty.

When reviewing a claim under Rule 12(b)(6), the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

In this case, the plaintiff's complaint alleges that on April 19, 2007, on the premises of NIBCO's plant in Augusta, Virginia, defendant Bussell negligently operated a tractor trailer which caused Adams to fall and sustain injuries. While these allegations are arguably

3

conclusory, the court is of the opinion that the amended complaint contains sufficient content to state a claim for simple negligence. Accordingly, the court declines to dismiss the complaint, and will instead consider whether the parties are entitled to summary judgment.

**B.     Motions for Summary Judgment**

On May 21, 2009, the plaintiff submitted a motion for partial summary judgment to dismiss several of the defenses asserted by the defendants, including the defenses of contributory negligence and assumption of the risk. On June 18, 2009, the defendants submitted a motion for summary judgment, asking the court to rule as a matter of law that the plaintiff failed to prove negligence, that the plaintiff assumed the risk, and that the plaintiff was contributorily negligent.

An award of summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. For a party's evidence to raise a genuine issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

Defendants first seek entry of summary judgment on the ground that plaintiff has failed to prove negligence. Plaintiff claims that Bussell owed a duty to plaintiff to use reasonable care in operating his trailer under the circumstances and that Bussell breached this duty when he moved his trailer away from the dock suddenly and without warning. The contentious issue here is whether, in moving his tractor in an effort to line up with the dock while plaintiff was engaging

4

the dock plate system, Bussell acted unreasonably and therefore breached this duty. Whether Bussell acted unreasonably under the circumstances depends on several contested facts, such as whether Bussell turned off his engine, whether he descended from his truck, and what, if any, communications occurred between the parties prior to the accident. Because these factual determinations are essential to a finding of negligence, the court finds that there is a genuine issue of material fact and declines to grant summary judgment on this ground.

Defendants also contend that Adams, as a matter of law, acted with contributory negligence by failing to chock the tires; failing to ensure that the truck's engine was off; and failing to engage the trailer latch prior to lowering the dock plate. Similarly, defendants contend that Adams assumed the risk of injury as a matter of law by engaging the dock plate system without taking any of these precautionary measures.

Under Virginia law, both contributory negligence and assumption of the risk operate as a complete bar to recovery for a defendant's alleged negligence. See Thurmond v. Prince William Prof'l Baseball Club, 574 S.E.2d 246, 249 (Va. 2003); Perdue v. Patrick, 29 S.E.2d 371, 375 (Va. 1944). A plaintiff's negligence claim is barred by his contributory negligence if he "failed to act as a reasonable person would have acted for his own safety under the circumstances." Artrip v. E.E. Berry Equip. Co., 397 S.E.2d 821, 824 (Va. 1990). Whereas contributory negligence involves an objective standard, assumption of the risk focuses on the plaintiff's subjective state of mind, asking whether the plaintiff "fully understood the nature and extent of a known danger and voluntarily exposed himself to it." Id. Unless reasonable minds could not differ on these issues, they are for the jury to decide. Id. at 823.

To support their motion for summary judgment on the issue of contributory negligence,

5

defendants advance several arguments. First, defendants argue that plaintiff fully understood the importance of having a tractor trailer's engine shut down and its wheels chocked before loading and unloading it. Defendants emphasize that Adams understood that the reason for these precautions was to avoid the dangers associated with a tractor trailer suddenly moving in the dock area. Defendants also argue that plaintiff understood that, as tractor trailers back up to a dock, they do not always become flush with the dock on a first attempt, but rather must often back in and out several times before coming to a complete stop. Additionally, defendants point out that Adams had access to the trailer latching mechanism that would have locked the trailer in place and prevented the incident in this case. Defendants argue that Adams violated his own standard procedure when he failed to chock the tires, failed to ensure that the engine was turned off, and failed to engage the trailer latch, and that Adams therefore did not act as a reasonable person would have acted for his own safety under the circumstances.

In response to defendants' arguments, Adams contends that, at the time Bussell's truck pulled away, he was in the process of attempting to lock down what he understood to be a stopped tractor trailer. In support of this assertion, Adams points out that he had signaled to Bussell to stop the truck. Adams also suggests that the procedure for securing a truck sometimes varied. He states that there is no evidence that chock blocks were available on the day of the incident, suggesting that a failure to chock the tires was not unreasonable. Additionally, Adams asserts that there is no evidence that he had any specific training at the NIBCO plant concerning the operation of the latching mechanism or the dock plate.

The court concludes that reasonable minds could differ as to whether Adams acted with contributory negligence in engaging the dock plate system when he did. Although the safest

6

Case 5:08-cv-00105-GEC-BWC Document 68 Filed 07/16/09 Page 6 of 8 Pageid#: 882

course of conduct may have been to chock the tires, make sure that the engine was off, and engage the latching mechanism, the court is not able to conclude at this stage, as a matter of law, that Adams acted with contributory negligence by failing to follow this particular procedure, especially if Adams is able to demonstrate, for example, that this procedure was not standard or not possible on the day of the incident. Because reasonable minds may differ as to whether Adams was contributorily negligent, this issue is proper for a jury's determination.

With respect to assumption of the risk, Adams argues that, because he subjectively believed that the truck would remain stopped, he could not have assumed the risk that the truck would move and therefore seeks summary judgment on this asserted defense. Viewing the record in the light most favorable to the non-moving party, the evidence suggests that Adams subjectively believed that the truck would remain stopped. Bussell testified that his truck's engine was shut off; that Adams gestured to Bussell; and that after the accident, Adams stated "I was trying to tell you that [the truck] was okay." (Bussell Dep. at 17, 23.) Taking this testimony to be true, the evidence suggests that Adams did not subjectively expect Bussell to move his truck.

The court agrees with the plaintiff's argument that assumption of the risk is not warranted, at least based on the evidence as forecast by the parties in their pre-trial memoranda. Thus, as it now stands, the court does not intend to instruct the jury on assumption of the risk or to include a special interrogatory to cover assumption of the risk. The court will take plaintiff's motion for partial summary judgment for the defense of assumption of the risk under advisement pending the development of evidence at trial. Although the court is unable to conclude as a matter of law that Adams fully understood the nature and extent of the danger and voluntarily

exposed himself to it, as the defendants assert in their motion for summary judgment, the court will permit the defendants to renew their assertion of assumption of the risk if the evidence presented at trial so warrants.

Lastly, plaintiff's motion for partial summary judgment seeks dismissal of certain other defenses asserted by the defendants, namely: negligence of third parties; failure to mitigate damages; existence of pre-existing conditions; and subsequent, intervening accidents and/or injuries. To the extent that these issues are contested but were not raised at the hearing, the plaintiff's motion to dismiss them is denied subject to renewal at trial.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the amended complaint is denied; the plaintiff's motion for partial summary judgment is taken under advisement with respect to assumption of the risk and denied with respect to all other matters; and the defendants' motion for summary judgment is denied. The court's rulings on the plaintiff's various motions in limine will be reflected in a separate order.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 16th day of July, 2009.

/s/ Glen C. Conrad
United States District Judge

8

Case 5:08-cv-00105-GEC-BWC   Document 68   Filed 07/16/09   Page 8 of 8   Pageid#: 884